# Exhibit A

In the District Court of Wyandotte County, Kansas

| | |
|---|---|
| Melissa Craig<br><br>    Plaintiff,<br>vs.<br><br>Midland Funding, LLC<br><br>And<br><br>Trans Union, LLC,<br><br>    Defendants. | Case No.: 14CU734<br>Division: 6<br><br>Chapter 60<br><br>Jury Trial Demand |

FILED 2014 AUG -5 AM 1:40 CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS BY DEPUTY

## PETITION

### COUNT I
**(Suing on a debt that was paid - Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)**

Comes now Plaintiff Melissa Craig and for Plaintiff's petition against Defendant Midland Funding, LLC hereby alleges as follows:

1. Plaintiff is a natural person residing in Kansas.

2. Defendant Midland Funding, LLC regularly conducts business in the state of Kansas.

3. Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

4. At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. §1692a(5).

6. Defendant Midland Funding, LLC is regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act (hereafter FDCPA), at U.S.C. §1692a(6).

7. Defendant Midland Funding, LLC is engaged in the business of purchasing and collecting "charged-off" consumer accounts alleged to have been originally owed to others (hereinafter "originating creditor").

8. On 7/3/2014, Defendant Midland Funding, LLC reported to a credit reporting agency, TransUnion, that it has purchased a consumer account from DFS - Web Bank and, pursuant to that purchase, and Defendant Midland Funding, LLC now alleges that it stands in the shoes of DFS - Web Bank and is entitled to enforce the account pursuant to that purchase.

9. On 7/3/2014, Defendant Midland Funding, LLC reported to a credit reporting agency, TransUnion, that the amount owed was $4254.00 as of 7/3/2014.

10. On the same credit report, the creditor from whom Defendant Midland Funding, LLC purported to purchase the debt, DFS - Web Bank, reported that the debt was paid off.

11. The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

12. The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the

perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. TransUnion Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

13. Attempting to collect a debt that was not owed violates 15 U.S.C. 1692f(1) which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

14. The above-described acts are misleading to the least sophisticated consumer.

15. Defendant Midland Funding, LLC's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the above violations of the stated Act, the Defendant Midland Funding, LLC is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Midland Funding, LLC for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
(Assessing and reporting
interest for which Defendant Midland Funding, LLC is not entitled by contract or
law – Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)

COMES NOW Plaintiff, and as for Count II against Defendant Midland Funding, LLC, states and alleges as follows:

17. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

18. On 7/3/2014, Defendant Midland Funding, LLC reported to a credit reporting agency, TransUnion, that the amount owed was $4254.00 as of 7/3/2014.

19. On the same credit report, the creditor from whom Defendant Midland Funding, LLC purported to purchase the debt, DFS - Web Bank, reported that the debt was paid, but that the maximum amount owed was less than $4254.00.

20. Therefore, Defendant Midland Funding, LLC had assessed interest on the alleged debt after it was charged off by the original creditor, DFS - Web Bank.

21. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

22. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. § 1637(b).

23. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. § 1637(b).

4

24. Consistent with 15 U.S.C. § 1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by 12 C.F.R. § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* at § 226.5(b) (2)(i).

25. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

26. One of those exceptions is if the creditor has charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. *Id.* at § 226.5(b) (2)(i).

27. Therefore, under applicable regulations, DFS - Web Bank was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account" 12 C.F.R. § 226.5(b)(2)(I).

28. Previous to the alleged purchase of the account by the Defendant Midland Funding, LLC from DFS - Web Bank, DFS - Web Bank charged-off an account alleged to have been incurred by Plaintiff.

29. Because DFS - Web Bank had charged-off the account, it was not required to send periodic statements to Plaintiff as would otherwise be required by law.

30. Therefore after charging-off the account, DFS - Web Bank did not send any billing statements regarding the account to the debtor.

31. DFS - Web Bank took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

32. The legal tradeoff for entitling DFS - Web Bank to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

33. Therefore, after the account was written off, DFS - Web Bank was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

34. Furthermore, DFS - Web Bank had therefore waived its right to charge interest on the charged off account. *Simkus v. Cavalry Portfolio Services, LLC,* 2012 WL 1866542 2012; *McDonald v. Asset Acceptance LLC,* Case No. 2:11-cv-13080, ED Michigan 2013.

35. Defendant Midland Funding, LLC professes to be in the same shoes as DFS - Web Bank.

36. Defendant Midland Funding, LLC would not acquire any greater rights than DFS - Web Bank had at the time of the alleged purchase.

37. At the time of the alleged purchase, DFS - Web Bank did not have the legal right to charge interest.

38. There is no legal basis for Defendant Midland Funding, LLC to charge interest on the charged-off account for which DFS - Web Bank failed to maintain periodic statements.

39. By assessing interest as due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692f which prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

40. By reporting that interest was due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692e(a)8 which prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

41. The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

42. The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. TransUnion Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

43. The above-described acts are misleading to the least sophisticated consumer.

44. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the above violations of the stated Act, the Defendant Midland Funding, LLC is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Midland Funding, LLC for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

### COUNT III
**(Plaintiff v. TransUnion – Failure to correct after proper dispute in violate of the Fair Credit Reporting Act)**

Comes now Plaintiff and for Count III of her causes of action against the Defendant TransUnion, states and alleges to the Court as follows:

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. At all times pertinent hereto, TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

48. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

49. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

50. Plaintiff disputed the debt alleged to be owed by Midland Funding, LLC, as evidenced by the notation in the credit report that the debt was disputed.

51. Despite the legitmate dispute, the error in reporting that Midland Funding, LLC was owed on a paid debt was not corrected.

52. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TransUnion is liable to the Plaintiff for willfully and/or negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681i wherein the agency failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

53. The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant TransUnion based on the following requested relief:

    a. Statutory damages for willful violations;

    b. Actual damages;

    c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

    d. Such other and further relief as may be necessary, just and proper.

## COUNT IV
### (Plaintiff v. TransUnion – Failure to correct after proper dispute in violate of the Fair Credit Reporting Act)

Comes now Plaintiff and for Count IV of her causes of action against the Defendant TransUnion, states and alleges to the Court as follows:

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. Defendant TransUnion should reasonably allow one creditor to report a debt as owed and another to report it as paid.

56. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TransUnion is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reinsertions of inaccurate information in Plaintiff's reports

57. The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant TransUnion based on the following requested relief:

    a. Statutory damages for willful violations;

    b. Actual damages;

  c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

  d. Such other and further relief as may be necessary, just and proper.

## Count V
### (Plaintiff v. Defendant Midland Funding, LLC – violation of the Fair Credit Reporting Act)

Comes now Plaintiff and for Count V of her causes of action against Defendant Midland Funding, LLC, states and alleges to the Court as follows:

58. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. Upon information and belief, the consumer reporting agencies reported to the Defendant Midland Funding, LLC, furnisher-subscriber (creditor and collectors), that Plaintiff disputed the foreclosure, delinquency and false credit reporting.

60. Despite receipt of the same dispute a number of times, the Defendant Midland Funding, LLC, furnisher-subscriber (creditor and collectors), failed to respond with truthful information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the consumer reporting agencies, all in violation of the Act.

61. According to the national consumer reporting agencies' reports, the Defendant Midland Funding, LLC, furnisher-subscriber, continued to falsely report about Plaintiff.

62. The Defendant Midland Funding, LLC, furnisher-subscriber (creditor and collectors), have likewise willfully, or alternatively, negligently, violated the Fair Credit

Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

63. Rather, the Defendant Midland Funding, LLC, furnisher-subscriber (creditor and collectors), continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information they reported about the Plaintiff, as described more fully herein above.

64. The Defendant Midland Funding, LLC, furnisher-subscriber (creditor and collectors), failed to conduct an investigation or reinvestigation with respect to consumer credit data they reported and repeatedly re-reported about Plaintiff.

65. The Defendant Midland Funding, LLC, furnisher-subscriber (creditor and collectors), failed to review all relevant and pertinent information provided to it by the consumer reporting agencies.

66. The Defendant Midland Funding, LLC, furnisher-subscriber (creditor and collectors), aware that their reporting and activities would (and will) damage Plaintiff and her ability to enjoy life and utilize the credit rating and reputation property rights she secured by honoring her obligations to all of her creditors.

67. The Defendant Midland Funding, LLC, furnisher-subscriber (creditor and collectors) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the consumer reporting agencies of receipt of such disputes and complaints with regard to consumer credit data they had been reporting and re-reporting about Plaintiff.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Midland Funding based on the following requested relief:

  e. Statutory damages;

  f. Actual damages;

  g. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

  h. Such other and further relief as may be necessary, just and proper.

## COUNT VI
## <u>VIOLATION OF KANSAS CONSUMER PROTECTION ACT</u>

COMES NOW Defendant, and as for Count VI against Defendant Midland Funding LLC, states and alleges as follows:

68. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

69. Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

70. Defendant Midland Funding, LLC is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

71. The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

72. K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

73. The above-described actions of Defendant Midland Funding, LLC violated section K.S.A. § 50-626(b)(1) by falsely making *representations made knowingly or with*

*reason to know that: (A) property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; and that (B) the supplier has a sponsorship, approval, status, affiliation or connection that the supplier does not have.*

74. Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

75. In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

*(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

76. Defendant Midland Funding LLC's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

77. By virtue of the actions of Defendant Midland Funding LLC, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

78. Defendant Midland Funding LLC's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

79. Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

80. Because of Defendant Midland Funding LLC's deceptive acts, is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant Midland Funding, LLC and requests the Court:

a. Award actual damages and restitution to Plaintiff;

b. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

c. Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

d. Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,
ATTORNEYS FOR PLAINTIFF

_____
A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
　　　　mr@kcconsumerlayer.com

16

In the District Court of Wyandotte County, Kansas

| | |
|---|---|
| Melissa Craig<br><br>　　　　Plaintiff,<br>vs.<br><br>Midland Funding LLC<br><br>And<br><br>TransUnion,<br><br>　　　　Defendant. | Case Number: 14CV734<br>Division: 6 |

*FILED 2014 AUG 26 PM 4:22 CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS BY DEPUTY*

## PARTIAL DISMISSAL WITHOUT PREJUDICE

**COME NOW** the Plaintiff Melissa Craig, by and through counsel, and moves the Court, pursuant to K.S.A. §60-241, for voluntary dismissal without prejudice of all claims made against Defendant TransUnion with costs assessed against the deposit and for such further relief as the Court deems just and proper.

Respectfully submitted,

/s/A.J. Stecklein
By: _____
A.J. Stecklein #16330
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: 913-371-0727
Facsimile: 913-371-0147
Attorney for Plaintiff

In the District Court of Wyandotte County, Kansas

| | |
|---|---|
| Melissa Craig<br><br>　　　　Plaintiff,<br>vs.<br><br>Midland Funding LLC<br><br>And<br><br>TransUnion,<br><br>　　　　Defendant. | Case Number: 14CV734<br>Division: 6 |

FILED 2014 AUG 26 PM 4:22 CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS BY DEPUTY

### ORDER TO DISMISS WITHOUT PREJUDICE

**COMES NOW** on this _____ day of _____ 20__, for hearing the Plaintiff's motion to dismiss against Defendant TransUnion only. After reviewing the Motion to Dismiss without Prejudice all claims in the above-captioned cause, the Court finds that the motion should be granted and all claims asserted therein shall be dismissed against Defendant TransUnion without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that the claims in the above captioned case should be and are hereby dismissed without prejudice.

_8-26-14_　　　　　　　　　　　　　MICHAEL A. RUSSELL
Date　　　　　　　　　　　　　　　　District Court Judge